IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN A. GADEKAN, for himself and as Personal Representative of Lola Gadeken Estate, Arnold W. Gadeken Estate, Arnold W. Gadeken Residuary Trust, | ) ) ) ) ) | 4:12CV3208 |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, et al., | ) ) ) | |
| Defendants. | ) ) | |

  This matter is before the court on Plaintiff's Motion to Appoint Counsel. (Filing No. 3.) In his Motion, Plaintiff requests the appointment of counsel for himself and for the two estates and the trust on behalf of which he seeks to bring this action. (*Id.*)

  The court notes that, while Plaintiff John A. Gadekan may proceed pro se on his own behalf, "'[w]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.'" *Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (quoting *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); *see also Shepherd v. Wellman,* 313 F.3d 963, 970 (6th Cir. 2002) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him."). Thus, where a pro se plaintiff is not the sole beneficiary and creditor of an estate, proceeding pro se constitutes the unauthorized practice of law and the matter should not be allowed to proceed without the estate obtaining counsel. *Jones,* 401 F.3d at 952. It is clear from Plaintiff's Motion, and from the Complaint, that he is not the sole beneficiary or creditor of the two estates he seeks to represent and therefore may proceed in this action only through counsel.[1]

---

[1] For example, Plaintiff states that there are unpaid real estate taxes on land owned by the estates (filing no. 3 at CM/ECF p. 3), and the entire Complaint references various financial and other interests that the United States Department of Agriculture and the Farm Service Agency has in the land held by the estates (filing no. 1).

Additionally, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiff's Motion to Appoint Counsel is denied. However, on the court's own motion, Plaintiff will be permitted an additional 60 days to obtain counsel. If Plaintiff fails to retain counsel, this matter will be dismissed without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **January 29, 2013,** to retain counsel. If Plaintiff fails to retain counsel, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for appearance by counsel on **January 29, 2013,** and dismiss if not filed.

DATED this 3rd day of December, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.